# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>  vs.<br><br>JUAN JOSE GONZALEZ-ALBARRAN,<br><br>                            Defendant. | CASE NO. 06CR1037-LAB<br><br>**ORDER OVERRULING OBJECTIONS TO IMPOSITION OF SUPERVISED RELEASE AND DENYING MOTION**<br><br>[Dkt No. 34, 35] |

       On July 26, 2006, a jury convicted defendant Juan Jose Gonzalez-Albarran ("Gonzalez-Albarran") of violating 8 U.S.C. § 1326, being a deported alien found in the United States. The undersigned District Judge sentenced him on October 16, 2006 to a prison term of 24 months, followed by one year of supervised release with two conditions: violate no laws of the United States and do not come back into the country. Judgment was entered October 17, 2006. The transcript of the sentencing hearing reflects the court informed Gonzalez-Albarran he had the right to appeal and had ten (10) days within which to file a Notice of Appeal: "Your lawyer will assist you in filing a notice of appeal, if you choose to do that, or the court clerk here will help you filing a notice of appeal." Transcript ("RT") 23:2-7. He verbally acknowledged he understood that right. Id. 23:8-10. The docket entries in this case record no "Notice Of Appeal," timely or otherwise.

       However, the Clerk's Office accepted for filing on November 6, 2006, "*nunc pro tunc* to October 20, 2006" two documents Gonzalez-Albarran presented, proceeding *pro se*: an "Objection To The Court's Imposition Of Probation/Supervised Release" asking the court "to

grant this motion" (Dkt No. 34) ("Objections"); and an "Opening Brief In Support Of the Motion To The [*sic*] Court's Imposition Of Probation/Supervised Release, And For Ineffective Assistance Of Counsel" (Dkt No. 35) ("Brief"). The caption of the Objections document identifies the designated court as the United States District Court, Southern District of California. The caption of the Brief document identifies the designated court as the United States Court of Appeals for the Ninth Circuit.[1] Other ambiguities associated with Gonzalez-Albarran's intentions in filing those two documents in this court include reference in the Objections to the sentencing as if it had not yet occurred.[2] He also refers to a July 26, 2006 objections filing date, whereas no such filing appears in the case docket at about that date. Dkt No. 35, p. 1. Rather, his guilty verdict was returned on that date, with sentencing deferred until October 2006. His attorney filed objections to a Presentence Investigation Report on his behalf on September 29, 2006.

The court addresses together Gonzalez-Albarran's Objections and his Brief arguments to conclude had the court received and considered the contents of his *pro se* documents prior to sentencing, his objections would have been overruled and the motion for no period of supervised release denied, for the reasons discussed herein.[3] Collectively, the

---

[1] The Brief recites: "In conclusion, the court should have not imposed the additional sentence of supervised release because this petitioner did not admit to having violated 18 U.S.C. § 3585(a)," and the case "should be remanded to the district court with orders to dismiss the indictment for the ineffective assistance of counsel." Brief p. 3 (emphasis added).

[2] The Objections caption identifies the court in which he intended to file as this District Court and bears a date of October 12, 2006 (four days before his sentencing hearing, eight days before the *nunc pro tunc* filing date, and 25 (twenty-five) days before the file date stamp), both in the caption area and at the signature line. Dkt No. 34. It recites in its conclusion a prayer for relief that the court "grant his objection to the imposition of the supervised release **contemplated by the court** and **recommended by** the probation officer and the government." Dkt No. 34 p. 5 (emphasis added). His Objections thus request *prospective* relief targeting the supervised release component of his sentence *proposed* by the government for consideration at his October 16, 2006 sentencing hearing. However, he had already been sentenced before his *pro se* documents were filed. Nevertheless, he was not sentenced in the absence of Objections to the probation officer's sentencing recommendations, as discussed below.

[3] The Brief document recites five grounds for relief in a manner typical of a habeas petition in reliance on allegations of unconstitutionality under various theories, in unnumbered pages inserted after page 2 of the Brief: "GROUND ONE -- Sentence is invalid because it violated petitioner's 6th Amendment rights" in that the purportedly "Judge used a preponderance of evidence method to convict petitioner," whereas "[t]he prosecutor must prove to a jury all facts legally essential to the

Objections document and the Brief document make two basic arguments: (1) the court erred in imposing a period of supervised release; and (2) ineffective assistance of counsel. The court finds both claims to be without merit.

### Supervised Release

Preliminarily, the court declines to recharacterize Gonzalez-Albarran's *pro se* filings as a 28 U.S.C. § 2255 petition because of the procedural and practical implications of doing so.[4] The court reaches his unmeritorious constitutional and statutory challenges to the supervised release component of his sentence embodied in the Objections and the "grounds" enumerated in his Brief as purported error sought to be corrected by Motion.

Gonzalez-Albarran states his "legal argument concerning the imposition of supervised release" is that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) prohibits the imposition of supervised release because it amounts to a second sentence. Brief pp. 1-2. He is wrong on the law and on the facts. He received only one sentence, comprised of a custodial period followed by a period of supervised release. "[S]upervised release, although imposed in addition to the period of incarceration, is 'a part of the sentence.' . . . Thus, the entire

---

punishment with all safeguards of the constitution;" "GROUND TWO -- 18 U.S.C. § 3583 was rendered unconstitutional per <u>Blakely</u> since 2004 upheld 1/12/05 and additionally was facially unconstitutional under <u>Apprendi</u>;" "GROUND THREE -- 18 USC § 3583 is unconstitutional because it authorizes increases in punishment for supervised release violations based on judicial fact finding by a preponderance of evidence," citing <u>Blakely</u> and listing five points associated with his challenges to the constitutionality of the supervised release component of his sentence; "GROUND FOUR -- That the [United States Sentencing Guidelines] § 501.1(a) of the imposition of supervised release for sentences cannot override the mandate of 18 U.S.C. 3583(c) in which supervised release was imposed;" and "GROUND FIVE -- That the illegally imposed supervised release prejudices petitioner should it be revoked in the future." In addition, Gonzalez-Albarran attaches additional pages of miscellaneous arguments apparently cobbled together from other sources which are unrelated to his circumstances and legal theories (*e.g.*, deportation of alien who entered a guilty plea, allusion to a different named defendant in an immigration case seeking to reopen the immigration case and for cancellation of removal, etc.). The court ignores those irrelevant materials.

[4] "When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequence of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period." <u>United States v. Seesing</u>, 234 F.3d 456 (9th Cir. 2001); <u>Castro v. United States</u>, 540 U.S.375 (2003) (same).

sentence, including the period of supervised release, is the punishment for the original crime." <u>United States v. Soto-Olivas</u>, 44 F.3d 788, 790 (9th Cir. 1995). Gonzalez-Albarran's own cited authority is not to the contrary, although he misrepresents its holding. He relies on <u>United States v. Liero</u>, 298 F.3d 1175 (9th Cir. 2002) to argue the court was not "authorized to impose Supervised Release in the first place." However, that case actually stands for the opposite proposition. <u>Liero</u> rejected an <u>Apprendi</u>-based argument that supervised release following a term of imprisonment caused a sentence to exceed the maximum penalty prescribed by the statute criminalizing the offense.

> [S]upervised release, just like a term of imprisonment, is "part of the sentence." Our cases dispel any doubt about what this means. . . . In light of these cases, **we cannot agree with Liero that supervised release is a separate part of, or an addition to, the sentence for the original offense** . . . .

<u>Liero</u>, 298 F.3d at 1177-78 (emphasis added), *citing* <u>Soto-Olivas</u>, 44 F.3d at 790;[5] <u>United States v. Paskow</u>, 11 F.3d 873, 883 (9th Cir. 1993) (a violation of supervised release is not treated as a new substantive offense; a term of supervised release "is simply part of the whole matrix of punishment which arises out of a defendant's original crimes'") (citation omitted).

This issue was fully aired before Gonzalez-Albarran was sentenced. On September 29, 2006, Gonzalez-Albarran's attorney filed "Defendant's Objections To The Pre-Sentence Report," arguing several grounds for reducing his sentence. Dkt No. 30. She argued, among other things, his sentence should include no supervised release component because the Sentencing Guidelines were no longer mandatory and binding on the court as suggested by the probation officer's statement the court was "required" to impose a term of supervised

---

[5] "By the plain language of the statute, supervised release, although imposed in addition to the period of incarceration, is 'a part of the sentence.' 18 U.S.C. § 3583(a); . . . Congress' primary objective in enacting § 3583 was to authorize a period of supervision, and perhaps imprisonment, beyond what is provided by the sentencing guidelines and substantive criminal laws. Thus, the entire sentence, including the period of supervised release, is the punishment for the original crime, and 'it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms' of his release." <u>Soto-Olivas</u>, 44 F.3d at 790.

release.[6]  Dkt No 30, 4:21-25.  In addition, counsel's Objections relied on <u>United States v. Covian-Sandoval</u>, 462 F.3d 1090 (9th Cir. 2006), a case decided August 31, 2006 (after Gonzalez-Albarran's guilty verdict but before his sentencing), requiring that any fact used to increase a defendant's sentence beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt, consistent with <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005).  Counsel argued the date of Gonzalez-Albarran's "prior deportation was never alleged in the indictment, admitted by Mr. Gonzalez, nor submitted to the jury in his trial and proven beyond a reasonable doubt," so that "the statutory maximum for his offense is two years."  Dkt No. 30, 3:18-20.  The undersigned District Judge sustained that objection:  "I think there is a possibility that [the jury] convicted him based upon a deportation that occurred before he suffered the aggravated felony in which case the cap is two years."  RT 6:4-7.  That result significantly reduced Gonzalez-Albarran's penalty exposure and rendered it unnecessary to reach defense counsel's several other objections to the Pre-Sentence Report.[7]  RT 8:15-21.

During the sentencing hearing, the prosecutor argued for imposition of "the statutory maximum of two years."  RT 12:3.  Defense counsel successfully argued for the elimination of a four-level enhancement for a prior felony conviction.  RT 15:3-6.  The court used the sentencing guidelines as the advisory framework to structure the sentence, in colloquy with the prosecutor and defense counsel.  RT pp. 12-22.  In the course of those discussions, the court sustained another of the defense objections to the government's calculation of Gonzalez-Albarran's criminal history category, resulting in his placement in category 5 rather than in category 6, so that the advisory guidelines called for a range of 15 to 21 months.  RT pp. 18:8-14.  The court considered the 18 U.S.C. § 3553 factors, determining deterrence to

---

[6]  Defense counsel based her written objection "to the probation officer's statement the court is required to impose a term of supervised release of at least two years, but not more than three years, if a sentence of imprisonment is imposed that exceeds one year" on grounds "the guidelines are advisory and not mandatory," so the officer's references to U.S.S.G. §§ 5D1.1(a) and 5D1.2.(a)(2) are provisions "not binding on the court."  Dkt No. 30:4:21-25.

[7]  Discussion on the record suggests that having prevailed on the <u>Covian-Sandoval</u> issue, the decision whether Gonzalez-Albarran had grounds to appeal was unclear, perhaps accounting for his ultimately not filing a Notice of Appeal.  <i>See</i> RT pp. 10-11.

be the most important of them here, noting this was Gonzalez-Albarran's fourth immigration-related felony, and he "got incrementally stiffer sentences all the way up to 15 months the last time." RT 19:14, 20:4-22:2. The court concluded: "All that said, I think an incremental increase in this case from the last sentence of 15 months to 24 months is appropriate. RT 21:17-18. "That's to be followed by one year of supervised release." RT 22:17-18.

Gonzalez-Albarran challenges the court's statutory authority to impose a period of supervised release as part of his sentence and the constitutionality of the manner in which the supervised release was imposed. He first relies on 18 U.S.C. § 3583(a) to argue "[t]he imposition of Supervised Release is not mandated by the fact of imprisonment, or the fact of the conviction."[8] Obj. p. 1. Section 3583(a) provides, in pertinent part (emphasis added): "a) In general.--The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, **may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment** . . . ." The plain language of the statute accords the court discretion ("*may include* as a part of the sentence") to impose a post-custodial period of supervised release. Gonzalez-Albarran's Brief argues the court "should not have imposed the additional sentence of supervised release because this petitioner did not *admit to having violated* 18 U.S.C. Sec. 3583(a)." Brief p.3 (emphasis added). His allusion to not having "admitted" violation of that section as somehow affecting the validity of the supervised release component of his sentence suggests he misconstrues Apprendi. He quotes: "Our precedent makes clear -- that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose **solely on the basis of *the facts* reflected in the jury verdict *or admitted by the defendant*.**" Brief p. 2, *quoting* Apprendi, 530 U.S. at 469 (emphasis added). He confusedly argues he did not "admit to" the supervised release: 'It is obvious that this defendant *did not admit to the imposition of*

---

[8] "Pursuant to Apprendi, Supervised Release may no[t] be imposed solely upon the fact of a conviction, or upon the imposition of imprisonment," so "before Supervised Release is authorized, Section 3583(c) MANDATES that the District court consider specific sentencing factors," and therefore "Supervised Release may only be imposed after an additional sentencing hearing at which the district court considers the relevant factors and then increase/imposed this penalty" because a "term of Supervised Release becomes an authorized sentence only if there are judicial -- not jury -- findings of the relevant sentencing factors." Obj. p. 3.

*the supervised release* because as noted above this defendant filed a motion objecting to the imposition of the supervised release in the district court." Id. (emphasis added). That argument fails for its own convolution.

Supervised release under 18 U.S.C. § 3583 "is constitutional under Apprendi, Blakely, and Booker." United States v. Huerta-Pimental, 445 F.3d 1220, 1221 (9th Cir. 2006), *citing* Apprendi, 530 U.S. 466, Blakely, 542 U.S. 296, and Booker, 543 U.S. 220. "Supervised release 'as part of a sentence' is expressly authorized by § 3583 whether or not it is mandated by a statute of conviction or otherwise." Huerta-Pimental, 445 F.3d at 1222, *citing* 18 U.S.C. § 3583(a) (1988). Gonzalez-Albarran's reliance on the terms of the statute of his conviction alone as governing the scope of punishment that may be imposed at sentencing is incorrect. Id. at 1223 (defendant unsuccessfully challenged the revocation of his term of supervised release following his conviction under 8 U.S.C. § 1326 (attempting to enter the United States illegally) and the subsequent imposition of additional imprisonment for violating the conditions of release when he attempted to reenter the United States after completing his prison term). "Because supervised release is imposed as part of the sentence authorized by the fact of conviction and requires no judicial fact-finding, it does not violate the Sixth Amendment principles recognized by Apprendi and Blakely." Id. at 1221, 1223-24. (Section 3583 "does not . . . require constitutionally impermissible judicial fact-finding," but rather "directs that a district judge [consider] various factors listed in § 3553(a)," factors that "simply guide a judge's exercise of discretion"). "Additionally, because the revocation of supervised release and imposition of an additional term of imprisonment is discretionary, neither violates Booker." Id. Heurta-Pimental and the cases cited therein dispose of all Gonzalez-Albarran's arguments on the supervised release issue. As remarked in that case, the "challenge to the imposition of supervised release simply fails to engage Apprendi." Id. at 1223.

Neither of the things Gonzalez-Albarran complains of happened: the undersigned sentencing judge did not impermissibly find any facts used to enhance his sentence; and the judge exercised his discretion to impose a period of supervised release following the custodial portion of the sentence. The court imposed a single sentence using the advisory

Sentencing Guidelines and exercised appropriate discretion in consideration of the statutory sentencing factors, as reflected in the sentencing hearing transcript. No "additional facts" were found. Accordingly, Gonzalez-Albarran's objections and contentions challenging the supervised release component of his sentence are without merit and are rejected.

### Ineffective Assistance Of Counsel

The Brief also alleges his attorney "was incompetent and ineffective" when "he" represented Gonzalez-Albarran, for purported failure to negotiate a reasonable deal with the government, failing to argue in opposition to the imposition of supervised release, and failing to ask the court for an alternative sentence pursuant to Booker instead of the sentencing guidelines, as well as purportedly having "failed to submit arguments in support of a downward departure from the guidelines which the court used to impose the sentence." Brief pp. 2-3. He repeatedly misstates the record in his filings, both with respect to his sentencing complaints[9] and with respect to his legal representation.

Gonzalez-Albarran was represented by Shaffy Moeel, Esq., a woman employed by Federal Defenders of San Diego at trial and at the October 16, 2006 sentencing hearing. His reference to his counsel as "he" suggests his complaints were borrowed from some other litigant's papers. His criticism of her representation is wholly unfounded, as reflected in the discussion above with respect to counsel's conscientious and successful objections and arguments resulting in a significant reduction in his sentence exposure. She obtained a very favorable result for him. He fails to identify the federal standard he must satisfy to prevail on an ineffective assistance of counsel claim, let alone demonstrate any deficiency in the representation he received other than by misstating the record. The court has examined the record in this case in consideration of Strickland v. Washington, 466 U.S. 668 (1984). That record establishes Gonzalez-Albarran's counsel was zealous and effective in defending him,

---

[9] For example, in his Brief he states: "The Court imposed a term of supervised release of **three (3) years** . . . " Dkt No. 35 p. 1 (emphasis added). The Sentencing Hearing transcript substantiates his sentence was actually 24 months under the 3553 factors "focusing specifically on [the] deterrence [factor], which I think is the most important factor in the case" (RT. 21:17-20, 22:13-16), "to be followed by **one year** of supervised release" (Dkt No. 35 22:17-18 (emphasis added)). The Brief reprises his challenge to the imposition of "probation/supervised release," and the court again rejects his contentions on that issue for the reasons discussed above.

including but not limited to the filing of a meritorious motion reducing his sentence exposure from 10 (ten) years to two years and successfully arguing for a reduction in his criminal history category from 6 (six) to 5 (five).  The docket, the filings and briefs submitted in his defense, her Objections to the Pre-Sentence Report opposition, and counsel's arguments on the record substantiate she requested the court not impose a period of supervised release following his incarceration period, among other things in his defense.  Dkt No. 30 4:21-25.  His arguments to the contrary are frivolous.

For all the foregoing reasons, **IT IS HEREBY ORDERED** Gonzalez-Albarran's November 6, 2006 Objections and Brief arguments are **REJECTED**.  His objections to the imposition of a supervised release component to his sentence are **OVERRULED** as based on misstatements of the law and the record.  His argument he received ineffective assistance of trial counsel similarly misstates the record and is without merit, disposing of all the arguments in both those filings.

**IT IS SO ORDERED**.

DATED: August 13, 2007

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge